**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WICHITA DESTINATION DEVELOPERS, INC.,  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>FOCUS HOSPITALITY SERVICES, LLC,  )<br>)<br>**Defendant.**  )<br>_____)  | **CIVIL ACTION**<br><br>**No. 18-2345-KHV** |

**MEMORANDUM AND ORDER**

Wichita Destination Developers, Inc. brings suit against Focus Hospitality Services, LLC to collect a judgment which 5G Studio Collaborative, LLC ("5G Studio") obtained against GoodSports Enterprises Global, LLC, GoodSports Village Huber Heights, LLC and GoodSports Village Wichita, LLC (collectively, the "GoodSports Entities").[1] Specifically, Wichita Destination asserts that 5G Studio assigned its right to collect the judgment and that under an alter ego theory, Focus Hospitality is liable for the debt. This matter is before the Court on Focus Hospitality's Motion To Dismiss (Doc. #7) filed July 5, 2018. For the following reasons, the Court overrules the motion.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not

---

[1] Wichita Destination originally filed suit in the District Court of Johnson County, Kansas. On June 28, 2018, Focus Hospitality removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. See Notice Of Removal (Doc. #1).

merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing its complaint with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cty. of Allegheny, 515 F.3d 225, 232-33 (3d Cir. 2008)).

**Factual Assertions**

Plaintiff alleges the following facts.

Wichita Destination is a Kansas corporation with its principal place of business in Wichita,

Kansas. Petition (Doc. #1-1) ¶ 1.

Focus Hospitality is an Indiana limited liability company. Id. ¶ 2.

On June 30, 2016, in the District Court of Dallas County, Texas, 5G Studio obtained a judgment against the GoodSports Entities in the amount of $213,296.84 plus post-judgment interest (the "Texas judgment").[2] Id. ¶¶ 5-6.

On March 21, 2017, GoodSports Village Wichita, LLC filed suit against Wichita Destination in the District Court of Sedgwick County, Kansas (the "Wichita case"). Id. ¶ 11(k). The Wichita case remains pending. In the Wichita case, Focus Hospitality pays the legal fees which GoodSports Village Wichita incurs. Id. ¶ 11(k).[3]

On November 27, 2017, 5G Studio assigned Wichita Destination all of its "right, title, and interest" in the Texas judgment. Notice Of Assignment Of Judgment, Exhibit B to Motion To Dismiss (Doc. #7); see also Petition (Doc. #1-1) ¶ 7.

On January 29, 2018, Wichita Destination registered the Texas judgment with the District Court of Johnson County, Kansas. Petition (Doc. #1-1) ¶ 8.

On February 22, 2018, the Johnson County court held a hearing in aid of execution of the Texas judgment. Id. ¶ 9. At the hearing, Anthony Homer testified as the authorized corporate

---

[2] The record does not reflect the legal basis for the judgment.

[3] In the Wichita case, GoodSports Village Wichita, LLC alleges that Wichita Destination used GoodSports Village Wichita expertise to obtain sales tax revenue bond funding for a fieldhouse project in Wichita, Kansas and then forced GoodSports Village Wichita out of the project. See Petition filed in Case No. 2017-CV-00721-CO at 2-8, Exhibit 1 to Motion To Dismiss (Doc. #7). GoodSports Village Wichita also asserts claims against the City of Wichita and WSF Holdings, Inc. See id. Against Wichita Destination, it asserts claims for breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with an existing contract, breach of fiduciary duty, fraud and unjust enrichment. Id. at 17-22.

representative of the GoodSports Entities. Id. ¶ 11. Homer testified as follows: Homer currently works for Focus Hospitality; he formerly worked for the GoodSports Entities. Id. ¶ 10. Jerald Good is an owner of both Focus Hospitality and the GoodSports Entities. Id. ¶ 11(a). The owner(s) created the GoodSports Entities as "single purpose entities" to develop multiple sports fieldhouse projects across the nation. For instance, the owner(s) formed GoodSports Village Wichita to develop a fieldhouse project in Wichita, Kansas. Id. The GoodSports Entities "never had real assets." Id. ¶ 11(c). None of the GoodSports Entities utilized bank accounts.[4] Id. ¶ 11(d). The GoodSports Entities had no assets or capital. Id. ¶ 11(g). The owner(s) did not prepare financial statements for the GoodSports Entities. Id. ¶ 11(i). The GoodSports Entities did not maintain corporate minute books and did not execute corporate resolutions. Id. ¶ 11(j). The GoodSports Entities incurred more than $2 million in expenses including architectural, engineering, construction and legal fees. Id. ¶ 11(e). The GoodSports Entities did not pay any of their liabilities. Id. ¶ 11(f). Focus Hospitality paid selected liabilities on behalf of the GoodSports Entities. Id. ¶ 11(f). Other creditors did not institute lawsuits against the GoodSports Entities because "there was nothing there to pursue." Id. ¶ 11(g).

The GoodSports Entities were and are woefully undercapitalized. Id. ¶ 17. Despite making representations and marketing to the contrary, the GoodSports Entities entered into obligations that they could not satisfy, including obligations underlying the Texas judgment. Id. ¶ 18.

The GoodSports Entities falsely represented that they maintained separate corporate

---

[4] GoodSports Village Wichita never opened a bank account. Id. ¶ 11(d). The owner(s) established a bank account for one of the GoodSports Entities, but it never received bank statements because "no money was ever transferred in there for the operations of those entities." Id. The petition does not state who opened the account or for which entity it was opened.

structures and would receive separate "equity contributions" in fieldhouse projects.[5] Id. ¶ 14. In fact, they did not have separate corporate structures or equity contributions. Id. Instead, Focus Hospitality merely paid selected invoices on behalf of the GoodSports Entities and left unsatisfied the remaining obligations of the GoodSports Entities. Id.

The GoodSports Entities and Focus Hospitality have common, if not identical, ownership. Id. ¶ 16. The GoodSports Entities existed as a conduit or instrumentality of Focus Hospitality. Id. ¶ 21. Focus Hospitality did not make loans to the GoodSports Entities. Id. ¶ 13. As part of its own bookkeeping, Focus Hospitality kept track of the endeavors of the GoodSports Entities; the GoodSports Entities did not keep their own records and do not have records. Id. ¶ 19. The GoodSports Entities did not observe corporate formalities. Id. Rather, the GoodSports Entities functioned only as a facade for Focus Hospitality. Id. Focus Hospitality dominated the finances, policies and practices of the GoodSports Entities such that they had no separate mind, will or existence of their own. Id. ¶ 20.

## **Analysis**

As noted, as assignee of the rights of 5G Studio, based on an alter ego theory, Wichita Destination seeks to recover from Focus Hospitality amounts which the GoodSports Entities owe under the Texas judgment. Focus Hospitality asserts that Wichita Destination cannot prevail because it (1) cannot show that it will suffer injustice if the Court allows the corporate structures to remain intact and (2) has failed to plead fraud with particularity.

The concept that one corporation can be held liable as the alter ego of another corporation

---

[5] The petition does not allege to whom the GoodSports Entities made the representations.

is well settled under Kansas law.[6] See W&W Steel, LLC v. BSC Steel, Inc., 944 F. Supp.2d 1066, 1072 (D. Kan. 2013) (citing Dean Operations, Inc. v. One Seventy Assocs., 257 Kan. 676, 680, 896 P.2d 1012, 1016 (1995)). Courts will not extend the fiction of separate corporate identities to permit one of the corporations to evade its just operations, to promote fraud, illegality or injustice, or to defend crime. See Dean Operations, 257 Kan. at 681, 896 P.2d at 1016. "The courts will disregard the fiction of a separate legal entity when there is such domination of finances, policy, and practices that the controlled corporation has no separate mind, will, or existence of its own and is but a business conduit for its principal." Id. Courts should reluctantly and cautiously exercise power to pierce the corporate veil. Sampson v. Hunt, 233 Kan. 572, 579, 665 P.2d 743, 751 (1983).

**I.     Injustice**

Focus Hospitality asserts that Wichita Destination cannot prevail because it has not sufficiently alleged that it will suffer injustice if the Court allows the corporate structures to remain intact. See Motion To Dismiss (Doc. #7) at 7-9. Determining whether one corporation operates as an instrumentality of another is a question of fact which involves the consideration of many factors. For example, in determining whether a parent corporation acts as the alter ego of its subsidiary corporation, courts look to the following ten factors:

(1) whether the parent corporation owns all or a majority of the capital stock of the subsidiary;
(2) whether the corporations have common directors or officers;
(3) whether the parent corporation finances the subsidiary;
(4) whether the parent corporation subscribed to all of the capital stock of the subsidiary or otherwise causes its incorporation;
(5) whether the subsidiary has grossly inadequate capital;

---

[6]     The parties do not discuss choice of law, but they apparently agree that Kansas law applies. See Motion To Dismiss (Doc. #7) at 6-7 (discussing elements of alter ego claim under Kansas law); Plaintiff Wichita Destination Developers, Inc.'s Response In Opposition To Defendant's Motion To Dismiss (Doc. #10) filed July 26, 2018 at 3-5 (same).

(6) whether the parent corporation pays the salaries or expenses or losses of the subsidiary;
(7) whether the subsidiary has substantially no business except with the parent corporation, or no assets except those conveyed to it by the parent corporation;
(8) whether in the papers of the parent corporation, and in the statements of its officers, the subsidiary is referred to as such or as a department or division;
(9) whether the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; and
(10) whether the formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

Dean Operations, 257 Kan. at 683, 896 P.2d at 1017. No single factor is determinative. W&W Steel, 944 F. Supp.2d at 1073 (citing Dean Operations, 257 Kan. at 683, 896 P.2d at 1018). In addition, plaintiff must show that allowing the legal fiction of separate corporate structures will result in injustice. W&W Steel, 944 F. Supp.2d at 1073; Dean Operations, 257 Kan. at 687, 896 P.2d at 1020.

In other contexts, in determining whether to disregard the corporate entity, courts look to the following eight factors:

(1) undercapitalization of a one-man corporation,
(2) failure to observe corporate formalities,
(3) nonpayment of dividends,
(4) siphoning of corporate funds by the dominant stockholder,
(5) nonfunctioning of other officers or directors,
(6) absence of corporate records,
(7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and
(8) the use of the corporate entity in promoting injustice or fraud.

Kinder v. QI Enterprises, LLC, No. 111537, 2015 WL 1124603, at *2 (Kan. App. Ct. Mar. 6, 2015) (quoting Sampson, 233 Kan. at 579, 665 P.2d at 751). Not all factors must be present, and any one factor could be enough to justify disregarding the corporate entity. See Kinder, 2015 WL 1124603, at *2 (citing State ex rel. Graeber v. Marion Cty. Landfill, Inc., 276 Kan. 328, 355, 76 P.3d 1000,

1017 (2003)).[7]

As noted, Focus Hospitality asserts that Wichita Destination has not sufficiently alleged injustice to state an alter ego claim.[8] Specifically, Focus Hospitality asserts that based on the facts alleged, Wichita Destination cannot show that to allow the corporate structures to remain intact will result in injustice *to Wichita Destination.* See Motion To Dismiss (Doc. #7) at 8. Focus Hospitality asserts that because Wichita Destination acquired its right to collect the judgment after it had been left unsatisfied for 17 months, Wichita Destination acquired the judgment "with its eyes wide open," knowing about "issues" regarding the GoodSports Entities' ability to pay. Id. Focus Hospitality further asserts that any alleged misrepresentations regarding corporate structures and ability to pay were made to 5G Studio. Focus Hospitality asserts that while such allegations might be relevant to determining whether 5G Studio would suffer injustice as a result of leaving the corporate structures intact, they are not relevant to determining whether Wichita Destination would suffer injustice. Id. at 7-8.

As an initial matter, Focus Hospitality has not shown that the Court should focus its analysis on whether upholding the corporate structures will result in injustice to Wichita Destination, as opposed to 5G Studio. Wichita Destination asserts the alter ego claim as assignee of the rights of

---

[7] The parties dispute which factors apply to the analysis in this case. Focus Hospitality asserts that the parent-subsidiary factors apply. See Motion To Dismiss (Doc. #7) at 6. Wichita Destination asserts that because Focus Hospitality and the GoodSports Entities are not in a parent-subsidiary relationship, the eight-factor test applies. See Plaintiff's Response (Doc. #10) at 3 & n.3. The parties have not fully briefed this issue, and because it is not material to the Court's decision, the Court declines to address it at this time.

[8] The parties apparently agree that to prevail on an alter ego claim, Wichita Destination must show that allowing the legal fiction of separate corporate structures will result in injustice. See Motion To Dismiss (Doc. #7) at 7-9; Plaintiff's Response (Doc. #10) at 3.

5G Studio. Ordinarily, as assignee of the claim, Wichita Destination stands in the shoes of the assignor, i.e. 5G Studio, and has standing to assert the rights of 5G Studio with respect to the claim.[9] See Denver Health & Hosp. Auth. v. Beverage Distrib. Co., 546 Fed. Appx. 742, 745 (10th Cir. 2013); Fidelity & Deposit Co. of Md. v. Hartford Cas. Ins. Co., 215 F. Supp.2d 1171, 1176-77 (D. Kan. 2002). On this record, Focus Hospitality has not shown that as a matter of law, ordinary assignment principles do not apply to the alter ego claim.

Even if the Court were to evaluate the claim based on injustice to Wichita Destination, Focus Hospitality has not shown that as a matter of law, Wichita Destination cannot prevail. Focus Hospitality asserts that Wichita Destination purchased the judgment with its "eyes wide open," knowing that the GoodSports Entities could not pay. Motion To Dismiss (Doc. #7) at 8. On the other hand, Wichita Destination asserts that it did not know the underlying facts until after it attempted to collect the judgment. See Plaintiff's Response (Doc. #10) at 5-6. Resolving this issue would involve questions of fact which go beyond the scope of the Court's ruling on a motion to dismiss. Focus Hospitality has not shown that it is entitled to judgment as a matter of law on this ground.

**II.   Fraud**

Wichita Destination alleges that in the facts and circumstances of this case, to allow the fiction of separate corporate identities "would promote fraud and injustice." Petition (Doc. #1-1) ¶ 22. Focus Hospitality asserts that to the extent that Wichita Destination bases the alter ego claim

---

[9]   Focus Hospitality asserts that even if Wichita Destination stands in the shoes of 5G Studio, it cannot show that 5G Studio would suffer injustice because 5G Studio has sold its interest in the judgment and the Court's decision will not affect 5G Studio in any way. See Motion To Dismiss (Doc. #7) at 9-10. Focus Hospitality cites no case law to support its argument and has not shown that the mere fact that 5G Studio assigned the claim absolves it from liability thereunder.

on allegedly fraudulent conduct, pursuant to Rule 9(b), Fed. R. Civ. P., Wichita Destination must state the allegations with particularity.[10] In support of its argument, Focus Hospitality cites one case: Coyer v. Hemmer, 901 F. Supp. 872 (D.N.J. 1995). See Motion To Dismiss (Doc. #7) at 10. Wichita Destination counters that under the District of Kansas ruling in Wiebe v. Benefits Mgmt. Corp., No. 93-1005-PFK, 1993 WL 246096 (D. Kan. June 17, 1993), the liberal notice pleading standard of Rule 8(a) applies.[11] See Plaintiff's Response (Doc. #10) at 10-11.

In the context of an alter ego claim, courts are divided on whether the particularity pleading requirements of Rule 9(b) apply to allegations of fraudulent conduct. See, e.g., Chapel Ridge Invs., LLC v. Petland Leaseholding Co., No. 1:13-cv-00146-PPS, 2013 WL 6331095, at *6 (N.D. Ind. Dec. 4, 2013) (courts "are all over the board" on appropriate pleading standard for piercing corporate veil based on fraud); EEOC v. Global Horizons, Inc., No. 11-00257 DAE-RLP,

---

[10] Rule 9(b) states as follows: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

[11] Rule 8(a) states as follows:

A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Alternatively, Wichita Destination requests leave to amend its complaint, but it has not attached a copy of its proposed amended complaint as required by D. Kan. Rule 15.1. See Plaintiff's Response (Doc. #10) at 13-14.

2012 WL 12883669, at *4 (D. Haw. Oct. 9, 2012) (no consensus whether Rule 9(b) particularity pleading requirement applies to veil-piercing claims premised on fraud); see also Superkite PTY Ltd. v. Glickman, No. 12-cv-7754, 2014 WL 1202577, at *3 (N.D. Ill. March 21, 2014) (applying Rule 9(b) where fraud basis for piercing corporate veil); TradeWinds Airlines, Inc. v. Soros, No. 08 Civ. 5901(JFK), 2012 WL 983575, at *5 (S.D.N.Y. March 22, 2012) (Rule 9(b) applies to veil-piercing claim based on fraud); Time Warner Cable, Inc. v. Networks Group, LLC, No. 09 Civ. 10059(DLC), 2010 WL 3563111, at *4 (S.D.N.Y. Sept. 9, 2010) (Rule 8(a) liberal pleading standard governs allegations to pierce corporate veil based on fraud); Flentye v. Kathrein, 485 F. Supp.2d 903, 912-13 (N.D. Ill. 2007) (Rule 9(b) typically does not apply to alter ego allegations premised on fraud); Se. Texas Inns, Inc. v. Prime Hosp. Corp., 462 F.3d 666, 672 (6th Cir. 2006) (Rule 9(b) applies to corporate veil-piercing claim based on fraud).

In Wiebe v. Benefits Mgmt. Corp., No. 93-1005-PFK, 1993 WL 246096 (D. Kan. June 17, 1993), the Honorable Patrick F. Kelly found that "[a]s a general rule, allegations of alter ego liability, even when premised on claims of potentially fraudulent conduct, are governed by the liberal notice standard of Rule 8(a) rather than the particularity standard contained in Rule 9(b)."[12] Id. at *1; see also Petrowsky v. NextEra Energy Res., LLC, No. 17-1048-EFM-KGG, 2017 WL 2666361, at *4 (D. Kan. June 21, 2017) (Rule 8(a) liberal notice standard governs allegations of alter ego liability). In so ruling, Judge Kelly stated that "[b]ecause Rule 9(b) stands in such a marked departure from the principles of liberal pleading established under Rule 8(a), 'its scope of application should be construed narrowly and not extended to other legal theories or defenses.'" Wiebe, 1993 WL 246096, at *1 (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 2d

---

[12] In Wiebe, the court found that plaintiff's allegations also satisfied the particularity requirements of Rule 9(b). See Wiebe, 1993 WL 246096, at *1.

§ 1297 at 615 (1990)).

In its reply brief, Focus Hospitality asserts that the Court should disregard Wiebe because Judge Kelly decided it before the Supreme Court decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Specifically, Focus Hospitality asserts that "Twombly changed the pleading standard, and any case decided before Twombly has limited precedential value, if any." Focus Hospitality Services, LLC's Reply In Support Of Its Motion To Dismiss (Doc. #12) filed August 9, 2018 at 3. Focus Hospitality offers no analysis to support its assertion in this regard. See id. In Twombly, the Supreme Court ruled that to state a viable claim under the notice pleading requirements of Rule 8, plaintiff must include enough facts to state a claim for relief which on its face is plausible – and not merely conceivable. See Twombly, 550 U.S. at 570. Twombly did not address particularized pleading requirements under Rule 9(b) or whether such requirements apply to alter ego claims based on fraudulent conduct. See id. at 576 n.3 (no fraud or mistake alleged). In short, Focus Hospitality has not shown that the Supreme Court ruling in Twombly affects the analysis in Wiebe in any way.

Focus Hospitality asserts that in Wiebe, Judge Kelly relied on language from Wright & Miller, Federal Practice & Procedure: Civil 2d, which states that courts should construe narrowly the scope and application of Rule 9(b), when the same treatise also states that "[e]ven when a plaintiff is not making a fraud claim, courts will require particularity in pleading if the cause of action is premised on fraudulent conduct." Focus Hospitality's Reply (Doc. #12) at 3-4 (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 2d § 1297 (2018)). Focus Hospitality points out that the treatise cites several cases decided after Wiebe which held that the Rule 9(b) particularity pleading requirements apply to alter ego claims based on fraud. See Focus Hospitality's Reply (Doc. #12) at 4 and cases cited therein. Focus Hospitality does not acknowledge

that a split of authority exists in this regard. See id.

After careful review, to the extent that Wichita Destination bases the alter ego claim on fraudulent conduct, the Court declines to impose a heightened pleading requirement. See, e.g., Flentye, 485 F. Supp.2d at 912-13 (rejecting argument that Rule 9(b) applies to extent alter ego relationship premised on fraud); Time Warner, 2010 WL 3563111, at *4 (same). As discussed, Wichita Destination has alleged facts sufficient to plausibly state an alter ego claim, i.e. that upholding the fiction of separate corporate identities would promote injustice. On the facts of this case, to the extent that Wichita Destination also bases its claim on allegations of fraudulent conduct, Focus Hospitality can learn details about the allegations through discovery and will suffer no undue burden as a result thereof. See, e.g., UNA Worldwide, LLC v. Orsello, No. 12 C 3429, 2012 WL 6115661, at *3 (N.D. Ill. Dec. 10, 2012) (dismissing veil-piercing claim based on fraud would accomplish little in practical sense; best approach to allow parties to proceed with discovery).

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #7) filed July 5, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge promptly set this matter for a status conference to discuss setting remaining deadlines, including an expedited deadline for the parties to mediate the claims in this case.[13]

Dated this 5th day of February, 2019 at Kansas City, Kansas.

                                                      s/ Kathryn H. Vratil
                                                     KATHRYN H. VRATIL
                                                     United States District Judge

---

[13] On August 31, 2018, the magistrate judge ordered the parties to exchange initial disclosures under Rule 26(a)(1), but declined setting remaining deadlines pending the Court's ruling on defendant's motion to dismiss. See Initial Order (Doc. #14).